IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MIRLA CATALINA BERMUDEZ SALAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | Case No. CIV-26-178-D |
| ) | |
| FRED FIGUEROA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Mirla Catalina Bermudez Salas, a noncitizen detainee, is named as Petitioner in this 28 U.S.C. § 2241 habeas corpus action filed on February 2, 2026. [Doc. No. 1].[1] A layperson and non-detainee named Scarlett Araujo Bermudez purports to have filed the Petition as Petitioner's "next friend" [Doc. No. 1 at p. 9], and also an emergency motion for a temporary restraining order prohibiting Petitioner's removal and transfer out of this jurisdiction as Petitioner's "next friend" [Doc. No. 2].

## DISCUSSION

### I. Ms. Araujo Bermudez May Not Represent Petitioner.

#### a. Ms. Araujo Bermudez does Not Qualify as Petitioner's "Next Friend."

Ms. Araujo Bermudez has not established the stringent criteria for "next friend" standing to bring a lawsuit on behalf of Petitioner. A "next friend" may pursue relief on behalf of a detained person who is unable to seek relief on her own. *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). But "'next friend' standing is by no means granted automatically

---

[1] Citations to Petitioner's filings reference the CM/ECF pagination at the top of each page.

1

to whomever seeks to pursue an action on behalf of another." *Id.* at 163. To pursue a case as a next friend, the proposed next friend must show "that the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." *Id.* at 165; *see also Williams v. Boone*, 166 F.3d 1223, 1999 WL 34856, at *5 (10th Cir. 1999) (unpublished) ("A next friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition."). The proposed next friend must also demonstrate they are "truly dedicated to the best interests of the person on whose behalf he seeks to litigate" and "have some significant relationship with the real party in interest." *Whitmore*, 495 U.S. at 163-64. The burden is on the next friend to "clearly . . . establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164; *see also Jiron v. Swift*, 671 F. App'x 705, 706 (10th Cir. 2016) (unpublished) (denying certificate of appealability and dismissing appeal of "next friend" who failed to satisfy the *Whitmore* factors for next friend standing).

Ms. Araujo Bermudez does not satisfy the *Whitmore* factors. Ms. Araujo Bermudez claims that Petitioner is "unable to sign and file the petition personally in a timely manner to protect her constitutional rights" because she "has limited access to legal materials and mail services," as she is in the custody of U.S. Immigration and Customs Enforcement. [Doc. No. 1, at p. 9]. However, these allegations alone do not demonstrate that Petitioner is unable to litigate her own case due to a lack of access to the courts. Indeed, Petitioner's status as a detainee does not demonstrate that she was unable to file her petition justifying the need for a next friend to file one on her behalf. *See, e.g., Jiron*, 671 F. App'x at 706 (unpublished) (rejecting father's attempt to act as next friend when he failed to show how

2

his daughter's incarceration and failure to receive certain documents from the district court "interfered with her ability to communicate with the district court").

Additionally, Ms. Araujo Bermudez fails to provide any details regarding her relationship with Petitioner. Ms. Araujo Bermudez also has not provided any evidence that Petitioner is aware of Ms. Araujo Bermudez's purported status as her next friend. Accordingly, without proof of Petitioner's authorization and her inability to act on her own behalf, the Court declines to recognize Ms. Araujo Bermudez as Petitioner's "next friend." *Williams*, 166 F.3d 1223, at *5.

Further, even if Ms. Araujo Bermudez were recognized as Petitioner's next friend, she could not represent Petitioner or sign filings on her behalf, and would have to employ counsel to do so. *See Sutton v. Doe 1*, 736 F. App'x 212, 213 (10th Cir. 2018) (unpublished) ("However, pro se litigants, as [plaintiff] is in this case, may not bring 'next friend' suits." (citing *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986))); *see also United States v. Reese*, No. CIV-25-1447-SLP, 2025 WL 3516478, at *1 (W.D. Okla. Dec. 8, 2025) ("[T]he Tenth Circuit has held that if a "next friend" elects to bring a suit on behalf of an individual, they must be represented by counsel themselves." (citing *Bunn v. Perdue*, 966 F.3d 1094, 1098 (10th Cir. 2020), and *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1300 (10th Cir. 2011))).

### b. Ms. Araujo Bermudez is Not an Attorney.

Federal law permits parties to "plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. Similarly, federal procedural rules mandate that "[e]very pleading, written motion, and other paper must be signed by" either an "attorney of record"

3

or the "party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). As such, federal law and procedural rules require that filings in federal court be signed either by an attorney of record or by the party personally— signature and representation by a nonlawyer are not permitted.

Ms. Araujo Bermudez does not appear to be an attorney and has not filed an entry of appearance as she must do if she is, in fact, a licensed attorney appearing on behalf of Petitioner. *See* LCvR83.4. Assuming that Ms. Araujo Bermudez is not an attorney, she may not represent Petitioner or sign filings on her behalf. *See Bunn*, 966 F.3d at 1098 ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.") (quotation and citation omitted); *Adams ex rel. D.J.W.*, 659 F.3d at 1299 ("The right to proceed pro se in a civil action in federal court is guaranteed by 28 U.S.C. § 1654. Because pro se means to appear for oneself, however, a person may not appear on another person's behalf in the other's cause." (citation modified)).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Petitioner Mirla Catalina Bermudez Salas must file an amended petition signed either by 1) herself, if she intends to proceed pro se, or 2) by a licensed attorney. Any amended petition must be filed no later than March 1, 2026. Failure to do so will likely result in dismissal of this action.

**IT IS FURTHER ORDERED** that Petitioner's Emergency Motion [Doc. No. 2] is **STRICKEN**.

**IT IS SO ORDERED** this 5th day of February, 2026.

TIMOTHY D. DeGIUSTI
Chief United States District Judge